# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEMETRIUS HARRIS, #352-534 <br> a/k/a DEMETRIUS DIGGS <br> Plaintiff | * <br><br> * | <br><br> Civil Action Case No. RDB-09-2600 |
| v | * | |
| OFFICER COLE, et al. | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Before the Court is a civil rights complaint for damages and injunctive relief filed pro se by Demetrius Harris[1] under 42 U.S.C.§ 1983. Harris claims Defendants used excessive force against him when they wrongfully assaulted him on January 23, 2009.

Defendants Sergeant Charles Wade, C.O. II Coyd Cole, C.O. II Earl Ritchie, C.O. II Scott Reese, and C.O. II Duane Bair[2] ("Defendants"), by their counsel, move for dismissal or summary judgment.[3] Harris has filed a response. Defendants rely on materials beyond the scope of the Complaint, and the Motion shall be construed as requesting summary judgment pursuant to Fed R. Civ. P. 56. For the reasons set forth below, Defendants' Motion for Summary Judgment will be DENIED.

## BACKGROUND

### I.  Assault Claim

Harris alleges that he was assaulted by Defendants in the Maryland Correctional Training Center (MCTC) segregation unit on January 23, 2009, at approximately 9:00 or 9:30 p.m. Complaint, Paper No. 1. Harris was issued an infraction earlier that day, and placed on

---

[1] Plaintiff filed the Complaint under the name "Demetrius Diggs." Plaintiff also goes by the name "Demetrius Harris," which is the name under which he is registered with the Division of Correction. Plaintiff was released from imprisonment on July 6, 2010.

[2] On March 9, 2010, Officer Duane Bair was ordered to active duty by the United States Army. Paper No. 28, Exhibit No. A, Declaration of Mark Smith, Personnel Officer at MCTC.

[3] The Court granted Defendant Kevin McDonald's separate Motion for Summary Judgment on August 2, 2010. Papers No. 35 and 36.

administrative segregation pending an adjustment hearing, which is routine procedure.[4] Exhibit 15, ¶ 2.

When an inmate is assigned to segregation, his property is inventoried. Items prohibited in segregation housing are "packed up," and the inmate is issued a receipt for the property. Exhibit 15, ¶ 4. Harris asserts that during his property inventory, he asked to keep legal documents and shoes with him in segregation. Complaint, ARP attachment. The alleged assault ensued. Harris alleges that Officer Cole punched him numerous times on the left side of his face, called him a "worthless nigger," and spit tobacco juice on him. Harris alleges that Officer Ritchie kicked him numerous times on his left side and ribs. Further, he accuses Officer Reese and Officer "Bart"[5] of holding his arms and legs while the other officers assaulted him. Harris asserts that Sergeant Wade watched and did nothing to stop the assault, and Officer Bair intimidated him by saying "Why I tell." Complaint, p. 4.

On January 24, 2009, Harris was examined at the medical unit and reported that he had been assaulted by correctional officers the previous night. Photographs taken of Harris do not reveal swelling or bruising his face. Paper No. 28, Exhibit 3, pp. 1, 9-14. Plaintiff's assault allegations were referred to the Internal Investigative Unit (IIU).[6]

a. **Internal Investigative Unit Report**

The IIU investigation report found that the property officers on duty on January 23, 2009, Officers Scott Reese, Jason Bartholomew, and Coyd Cole, each denied assaulting Harris. Paper

---

[4] On January 30, 2009, Harris appeared before an administrative hearing officer and received ninety days of disciplinary segregation for unauthorized possession of medicine, interfering with or resisting duties of staff, disobeying a direct order, and using disrespectful or vulgar language. *See* Paper No. 28, Exhibit 3, p. 17.

[5] "Officer Bart" was not identified by MCTC's litigation coordinator and service was not accepted on his behalf. It appears that Harris intended to name Officer Jason Bartholomew. Officer Bartholomew was assigned to property inventory on January 23, 2009, and denied assaulting Harris when he was interviewed by investigators from the Internal Investigative Unit. Paper No. 28, Exhibit 3, p. 11.

[6] On February 7, 2009, Harris filed a Request for Administrative Remedy (ARP), #MCTC-0090-09 alleging that correctional officers assaulted him on January 23, 2009, during an inventory of his property. Exhibit 4. On February 9, 2009, Harris was informed that because the matter was under investigation by the IIU, no further action would be taken through the ARP process. *Id.*

2

No. 28, Exhibit 3, pp. 11-12. None of the three officers remembered any problems with Harris. The report determined that Harris's medical evaluation and photographs from January 24, 2009, did not support his claims. *Id.* On July 13, 20009, the IIU investigation was closed for insufficient evidence. Paper No. 28, Exhibit 3, p. 12.

b. **State Defendants' Affidavits**

Officers Cole, Ritchie, Reese, and Sergeant Wade have filed affidavits in support of summary judgment. In his affidavit, Officer Cole declares that he "did not punch inmate Harris in his face or spit chewing tobacco on him as alleged, nor did I witness any other correctional officer use racial epitaphs [sic] against inmate Harris." Paper No. 28, Exhibit 15, ¶ 3. Correctional Officer Ritchie attests that he "did not kick inmate Harris numerous times as he alleges, not did I witness any other correctional officer assault inmate Harris." Paper No. 28, Exhibit 16, ¶ 3. Correctional Officer Reese attests that "[t]he allegation in inmate Harris's complaint that another correctional officer and I held his arms and legs while other correctional officers assaulted him is not true. I did not assault inmate Harris, not did I witness any other correctional officers do so." Paper No. 28, Exhibit 17, ¶ 3. All three officers described the property inventory on January 23, 2009 as a routine "pack-up." Exhibits, 15 ¶ 5, 16 ¶ 5, 17 ¶ 2.

In his affidavit, Sergeant Wade declares that he did not witness any correctional officers assault Harris either prior to, during, or after his property was inventoried and packed on January 23, 2009, describing the inventory procedure as routine and uneventful. Exhibit 18, ¶¶ 5 and 6. Sergeant Wade attests:

> [i]n the complaint, inmate Harris accuses me of watching the officers involved in his property inventory and packing assault him, and he accuses me further of doing nothing to stop the assault. This allegation against me is not true and is a total fabrication.

Paper No. 28, Exhibit 18, ¶ 6.

## II. Medical Records

Plaintiff's medical records show that on January 24, 2009, Wanda Diaz, R.N., examined Harris after he complained of a lump on his left breast. Harris said that he was "jumped" and "punched and kicked" by correction officers on the previous night. Paper No. 24, Exhibit B, p. 2. Nurse Diaz observed a slight redness at Harris's left eye/temple area. She found swelling, but no bruising on Harris's his left breast and a slight redness and swelling on the knuckles of his second and middle fingers of his right hand.[7] She noted that a cyst was previously removed from his left breast area. *See id.* His vital signs were normal and he showed full range of motion. She gave Harris ice and ibuprofen for his knuckles, and referred him to a physician's assistant for assessment of his breast pain. Paper 24, Exhibit A.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for

---

[7] The IIU report indicated that the officers interviewed said that Harris was angry that he had been issued an infraction. Paper No. 28, Exhibit 3, pp. 11-12. Counsel for State Defendants conjectures that Harris's swollen knuckles would "certainly consistent with punching a wall in a fit of anger." Paper No. 28, Memorandum, p. 10.

4

trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)). In that context, a court is obligated to consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587(1986); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir.2005). However, Rule 56 mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

Use of excessive force may constitute cruel and unusual punishment in violation of the Eighth Amendment. Allegations of force by prison officials are examined by inquiring whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *See Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). In making this determination, a court examines the need for application of force, the relationship between that need and the amount of force applied, the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials, and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986). Absence of significant injury alone is not dispositive of a claim of excessive force. *See Wilkens v. Gaddy*, _U.S. _, 130 S. Ct. 1175 (2010). The extent of injury is one factor indicating whether the force used was necessary. If force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.*

In this case, the parties dispute whether the alleged assault occurred. Viewing the facts in the light most favorable to Plaintiff, Plaintiff's medical record demonstrates that the day after the alleged incident a nurse observed slight redness at Harris's left eye/temple area, swelling on

5

his left breast, and a slight redness and swelling on the knuckles of his second and middle fingers of his right hand. These observations are consistent with Plaintiff's allegations of assault. Based on these facts, a reasonable jury could find that Plaintiff was the victim of excessive force by Defendants. A genuine issue of material fact is presented and summary judgment will be denied.

## CONCLUSION

Considering the facts and all reasonable inferences in the light most favorable to Harris, the Court finds that a genuine issue of material fact is presented as to whether Harris was assaulted by corrections officers on January 23, 2009, thus rendering summary judgment inappropriate. The Motion for Summary Judgment will be denied by separate Order. Plaintiff will be granted thirty days to move for appointment of counsel.

SEPTEMBER 2, 2010
Date

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

6